Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Melissa J. Levine
mlevine@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*IB Appliances US Holdings, LLC*
*d/b/a Instant Pot Brands*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IB APPLIANCES US HOLDINGS, LLC d/b/a INSTANT POT BRANDS,<br><br>*Plaintiff*<br><br>v.<br><br>BEAUTIFUL HOME FURNISHINGS STORE, BEST SMART STORE, CIXI CITY TONGLI ELECTRICAL APPLIANCE CO., LTD., FOSHAN SHUNDE WALON ELECTRIC APPLIANCE CO., LTD., GUANGZHOU CHAMPION HOME APPLIANCES CO., LTD., LAA-LA APLIANCES STORE, LANGFANG XINGSI INTERNATIONAL TRADE CO., LTD., NANTONG POWERMAC MECHANICAL EQUIPMENT CO., LTD., PAMI 11DI STORE, STARKSTORE STORE, THE FUN LIFE STORE, YAMI D16 STORE, ZHONGSHAN BINZHI ELECTRIC CO., LTD., ZHONGSHAN CHANKIA ELECTRIC APPLIANCE CO., LTD., ZHONGSHAN DEBO ELECTRIC APPLIANCES CO., LTD., ZHONGSHAN HUICHU ELECTRICAL APPLIANCE CO., LTD., ZHONGSHAN JINGUANG | Civil Case No. 25-cv-1895 (PKC)<br><br>[PROPOSED]<br>**1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING DEFENDANTS' MERCHANT STOREFRONTS AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY**<br><br>**FILED UNDER SEAL** |

HOUSEHOLD APPLIANCE MANUFACTURE CO., LTD., ZHONGSHAN POLANS ELECTRIC APPLIANCE CO., LTD., ZHONGSHAN SITOM ELECTRIC APPLIANCES CO., LTD., ZHONGSHAN SONGYUN ELECTRIC CO., LTD. and ZHONGSHAN TIANTAI ELECTRIC TECHNOLOGY COMPANY LIMITED,

*Defendants*

## GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Instant Pot** | IB Appliances US Holdings, LLC d/b/a Instant Pot Brands |
| **Defendants** | Beautiful Home Furnishings Store, Best Smart Store, Cixi City Tongli Electrical Appliance Co., Ltd., Foshan Shunde Walon Electric Appliance Co., Ltd., Guangzhou Champion Home Appliances Co., Ltd., Laa-La Apliances Store, Langfang Xingsi International Trade Co., Ltd., Nantong Powermac Mechanical Equipment Co., Ltd., Pami 11DI Store, Starkstore Store, The Fun Life Store, Yami D16 Store, Zhongshan Binzhi Electric Co., Ltd., Zhongshan Chankia Electric Appliance Co., Ltd., Zhongshan Debo Electric Appliances Co., Ltd., Zhongshan Huichu Electrical Appliance Co., Ltd., Zhongshan Jinguang Household Appliance Manufacture Co., Ltd., Zhongshan Polans Electric Appliance Co., Ltd., Zhongshan Sitom Electric Appliances Co., Ltd., Zhongshan Songyun Electric Co., Ltd. and Zhongshan Tiantai Electric Technology Company Limited |
| **Alibaba** | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Luttrell Dec.** | Declaration of Haley Luttrell in Support of Plaintiff's Application |

| | |
|---|---|
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Instant Pot Products** | A line of multicookers with various functions including, pressure cooking, rice cooking, steaming, warming, air frying and slow cooking offered in a variety of sizes |
| **Instant Pot Marks** | U.S. Trademark Registration Nos.: 6,251,592 for "INSTANT POT" for a variety of goods in Class 11; 6,907,251 for "INSTANT POT" for a variety of goods in Class 11; and 6,291,537 for "INSTANT POT" for a variety of goods in Class 11 |
| **Counterfeit Products** | Products bearing or used in connection with the Instant Pot Marks, and/or products in packaging and/or containing labels bearing the Instant Pot Marks, and/or bearing or used in connection with marks that are confusingly similar to the Instant Pot Marks and/or products that are identical or confusingly similar to the Instant Pot Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group) and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, Alibaba and/or AliExpress, as well as any and all as yet |

|   | undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, make, use, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |
|---|---|

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products.[1] A complete list of Defendants is attached hereto as **Schedule A**, which also includes links to Defendants' Merchant Storefronts and Infringing Listings. Having reviewed the Application, Declarations of Haley Luttrell and Gabriela N. Nastasi, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. Instant Pot owns the Instant Pot Brands™, and is a leading consumer products company built on iconic, innovative products. Instant Pot offers a wide variety of products including Instant Pot® electric pressure cookers, Instant® air fryers and a range of other small kitchen appliances aimed at making cooking easy, simple and convenient ("Instant Pot Brand").

2. One of Instant Pot's most popular and successful products within its Instant Pot Brand is its Instant Pot, a multicooker with various functions including, pressure cooking, rice cooking, steaming, warming, and slow cooking offered in a variety of sizes.

3. Instant Pot Products are sold worldwide through major U.S. retailers and e-commerce sites, including, but not limited to: Target, Walmart, Kohls, Amazon and many others.

4. Since its launch, the Instant Pot Brand and the Instant Pot Products have been featured in

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

1

numerous press publications, including, but not limited to, *Bon Appétit*, *NPR*, *CNBC* and *Forbes*.

5.  The Instant Pot Products typically retail for between $69.99 - $229.99.

6.  While Plaintiff has gained significant common law trademark and other rights in its Instant Pot Products through use, advertising, and promotion, Plaintiff has also protected its valuable trademark rights in and to the Instant Pot Products by filing for and obtaining federal trademark registrations.

7.  For example, Instant Pot is the owner[2] of the Instant Pot Marks (i.e., U.S. Trademark Registrations Nos.: 6,251,592 for "INSTANT POT" for a variety of goods in Class 11; 6,907,251 for "INSTANT POT" for a variety of goods in Class 11; and 6,291,537 for "INSTANT POT" for a variety of goods in Class 11).

8.  The Instant Pot Marks are currently in use in commerce in connection with the Instant Pot Products.

9.  The success of the Instant Pot Products is due in part to Instant Pot and its predecessor's marketing and promotional efforts. These efforts include advertising and promotion through social media, the Instant Pot Brand's website, retailer websites and internet-based advertising and placement of the Instant Pot Products at various authorized major retail outlets, both domestically and abroad, including New York.

10. Instant Pot's success is also due to its use of the highest quality materials and processes in making the Instant Pot Products.

11. Instant Pot does not sell, and no other party is authorized to sell, Instant Pot Products

---

[2] Although the registration certificates for the Instant Pot Marks list Plaintiff's predecessor Instant Brands, Inc. as the owner of the Instant Pot Marks, the assignments on file with the United States Patent and Trademark Office (the "USPTO") unequivocally evidence that Plaintiff is in fact the current true and correct owner of the Instant Pot Marks. *See* Complaint, Ex. C.

directly from China into the U.S. market.

12. Additionally, Instant Pot owes a substantial amount of the success of the Instant Pot Products to its consumers, and word-of-mouth buzz that its consumers have generated.

13. As a result of Plaintiff and its predecessor's efforts, the quality of its Instant Pot Products, their marketing, promotion and distribution efforts, and the word-of-mouth buzz generated by consumers have caused the Instant Pot Marks to be prominently placed in the minds of the public. Members of the public and retailers have become familiar with Instant Pot's Instant Pot Marks and Instant Pot Products and have come to associate them exclusively with Instant Pot.

14. As a result of such associations, the Instant Pot Marks have acquired a valuable reputation and goodwill among the public.

15. Instant Pot has gone through great lengths to protect its interests in the Instant Pot Marks. No one other than Instant Pot is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Instant Pot Marks.

16. Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying and/or offering for sale Counterfeit Products through Defendants' User Accounts and Merchant Storefronts with Alibaba and/or AliExpress (see **Schedule A** for links to Defendants' Merchant Storefronts and Infringing Listings).

17. Defendants are not, nor have they ever been, authorized distributors or licensees of the Instant Pot Products. Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendants' use of the Instant Pot Marks, nor has Plaintiff consented to Defendants' use of marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Instant Pot Marks.

18. Plaintiff is likely to prevail on its Lanham Act and related common law claims at trial.

19. As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted.

   a. Defendants have offered for sale and sold substandard Counterfeit Products that infringe the Instant Pot Marks;

   b. Plaintiff has well-founded fears that more Counterfeit Products will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for the Instant Pot Products; and

   c. Plaintiff has well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Counterfeit Products or other goods that infringe the Instant Pot Marks, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (ii) inform their suppliers and others of Plaintiff's claims with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Counterfeit Products or other goods infringing the Instant Pot Marks, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (iii) secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from its sales of Counterfeit Products or other goods infringing the Instant Pot Marks and records relating thereto that are in their possession or under their control and/or (iv) open new User Accounts and

Merchant Storefront under new or different names and continue to offer for sale and sell Counterfeit Products with little to no consequence.

3. 20. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Instant Pot Marks and to its reputations if a temporary restraining order is not issued.

4. 21. Public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to its Instant Pot Marks, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Instant Pot Products.

22. Plaintiff has not publicized its request for a temporary restraining order in any way.

5. 23. Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

6. 24. If Defendants are given notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products or other goods infringing the Instant Pot Marks. Therefore, good cause exists for granting Plaintiff's request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts and it is anticipated that it will take the Third Party Service Providers a minimum of five (5) days to freeze Defendants' Merchant Storefronts. As such, the Court allows enough time for Plaintiff to serve the Financial Institutions and Third Party Service Providers with this Order, and for the

Financial Institutions and Third Party Service Providers to comply with the Paragraphs I(B)(1) and I(C)(1) of this Order, respectively, before requiring service on Defendants.

25. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products. Therefore, Plaintiff has good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows:

### I.    Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the Instant Pot Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Instant Pot Marks;

2) operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order;

3) directly or indirectly infringing in any manner Plaintiff's Instant Pot Marks;

4)  using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Instant Pot Marks to identify any goods or service not authorized by Plaintiff;

5)  using Plaintiff's Instant Pot Marks and/or any other marks that are confusingly similar to the Instant Pot Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

6)  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

7)  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

8)  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution,

display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

9)    knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(8) above and I(B)(1) and I(C)(1) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1)    secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that immediately upon receipt of service of this Order, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1)    operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

2)    instructing, aiding, or abetting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(8), I(B)(1) and I(C)(1) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

## II.    Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A. Defendants are hereby ORDERED to show cause before this Court in Courtroom _11D_ of the United States District Court for the Southern District of New York at 500 Pearl Street/40 Foley Square, New York, New York on _March 26_, 2025 at _2_ p.m. or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by ~~delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 1250, New York, NY 10165, Attn: Jason M. Drangel~~ _the electronic case filing system_ on or before _March 18_, 2025. Plaintiff shall file any Reply papers on or before _March 21_, 2025.

C. IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

## III.    Asset Restraining Order

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority

seven (7)

to provide final equitable relief, as sufficient cause has been shown, that within ~~five (5)~~ days

of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants'

Financial Accounts and Defendants' Assets and shall provide written confirmation of such

attachment to Plaintiff's counsel.

## IV.    Order Authorizing Bifurcated and Alternative Service by Electronic Means

A.  IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been

shown, that service may be made on, and shall be deemed effective as to Defendants if it is

completed by the following means:

1)    delivery of: (i) PDF copies of this Order together with the Summons and Complaint,

and (ii) a link to a secure website (including NutStore, a large mail link created through

Rmail.com and via website publication through a specific page dedicated to this

Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be

able to download PDF copies of this Order together with the Summons and Complaint,

and all papers filed in support of Plaintiff's Application seeking this Order to

Defendants' e-mail addresses to be determined after having been identified by Alibaba

and/or AliExpress pursuant to **Paragraph V(C)**.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service

by electronic means ordered herein shall be deemed effective as to Defendants, ~~Third Party~~

~~Service Providers and Financial Institutions~~ through the pendency of this action.

C.  ~~IT IS FURTHER ORDERED, as sufficient cause has been shown,~~ that such alternative service

by electronic means ordered herein shall be made within five (5) days of the Financial

Institutions and Third Party Service Providers' compliance with **Paragraphs III(A) and V(C)**

of this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Clerk of the Court shall issue a single original summons directed to all Defendants as listed in an attachment to the summons that will apply to all Defendants.

E. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

2) delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where Alipay will be able to download a PDF copy of this Order via electronic mail to US_IPR_TRO_Requests@alipay.com;

3) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba and AliExpress will be able to download a PDF copy of this Order via electronic mail to IPR_USTRO@service.alibaba.com and IPR-USTRO@aliexpress.com;

4) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and subpoenas@payoneer.com; and

5) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com.

## V.    Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days after receiving service of this Order, each Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

   a.  their true name and physical address;

   b.  the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendants own and/or operate;

   c.  the complete sales records for any and all sales of Counterfeit Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

   d.  the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

   e.  the steps taken by each Defendant, or other person served to comply with **Section I**, above.

2) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

3) Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

( seven (7) )

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within ~~five (5)~~ days of receipt of service of this Order the Financial Institutions served with this Order shall identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

seven (7)

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within ~~five (5)~~ days of receipt of service of this Order, the Third Party Service Providers served with this Order shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiff's counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

   a. account numbers;

13

b.  current account balances;

c.  any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

d.  any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

e.  any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

f.  any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

a. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

b. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

c. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

d. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Instant Pot Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Instant Pot Marks.

## VI.    **Security Bond**

A. IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of $5,000 Dollars ( ~~five thousand dollars~~ ) with the Court which amount is determined adequate for the payment

of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

### VII.    Sealing Order

A. IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and Plaintiff's *ex parte* Application and the Declarations of Haley Luttrell and Gabriela N. Nastasi in support thereof and exhibits attached thereto, and this Order shall remain sealed ~~until the~~ for five days from the date of this Order. ~~Financial Institutions and Third Party Service Providers comply with Paragraphs I(B)-(C), III(A) and V(C) of this Order.~~

**SO ORDERED.**

SIGNED this 7th day of _March_, 2025, at _4:50_ p.m.

_____
HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

16